UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK EDWIN SHORES, )
 )
      Movant, )
 ) Case No. 4:14-CV-1019 (CEJ)
vs. )
 )
UNITED STATES OF AMERICA, )
 )
      Respondent. )

## **MEMORANDUM**

This matter is before the Court upon the motions of Mark Edwin Shores to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and for an evidentiary hearing.[1] The United States has filed a response, and the issues are fully briefed.

### **I. Background**

On October 5, 2011, a jury found Shores guilty of possession with intent to distribute heroin on September 16, 2009 and on September 9, 2010, in violation of 21 U.S.C. § 841(a)(1) (Count One and Count Six); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(2) (Count Three); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Five); and possessing a firearm in furtherance of the drug trafficking crime charged in Count Six, in violation

---

[1] Shores also filed an amended motion to vacate which will be addressed separately.

of 18 U.S.C. § 924(c) (Count Seven).[2] He was sentenced to concurrent 240-month terms of imprisonment for the drug offenses, a concurrent 262-month term of imprisonment for the felon in possession offense[3], and a mandatory consecutive 60-month term of imprisonment for possessing a firearm in furtherance of a drug trafficking crime—a total of 322 months' imprisonment.[4] The judgment was affirmed on appeal. *United States v. Shores,* 700 F.3d 366 (8th Cir. 2012), *cert. denied,* 133 S.Ct. 2780 (2013).

The evidence supporting the convictions is detailed in the opinion of the court of appeals. It will not be repeated verbatim here, but will be referred to as necessary to address the claims asserted in the motion to vacate.

**II. Discussion**

In the instant motion, Shores asserts that he was denied effective assistance of counsel at trial and on appeal. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first *Strickland* prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id. at 689*. In *Strickland*, the Court described the standard for determining an ineffective assistance claim:

---

[2] Shores was found not guilty of the charge of possessing heroin with intent to distribute on April 7, 2010, alleged in Count Four of the superseding indictment.

[3] Shores was sentenced as an armed career criminal under 18 U.S.C. § 18 U.S.C. § 924(e)(1). In a supplemental motion to vacate, Shores argues that following the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), he no longer qualifies as an armed career criminal. This argument will be addressed in a separate memorandum.

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland, 466 U.S. at 690*.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. at 694*. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)*.

## Ground One

### (A) Alibi evidence

Shores first asserts that he was denied effective assistance of counsel as a result of his attorney's failure to present alibi evidence that would have shown he was not present

---

[4] The underlying criminal case is *United States v. Mark Edwin Shores,* No. 4:10-CR-00449-CEJ.

at a drug transaction that occurred on September 15, 2009. This transaction was described in an affidavit submitted by Detective Anthony Boettigheimer in support of a search warrant application. According to the affidavit, on that date, officers of the St. Louis Metropolitan Police Department saw Shores engaging in a hand-to-hand transaction in which he sold a quantity of heroin to a confidential informant. In the affidavit, Boettigheimer also recited the informant's observation of drugs and a firearm inside Shores' house as well as police officers' surveillance of activity consistent with drug trafficking there. Boettigheimer further set forth facts demonstrating the informant's reliability and describing the results of the police investigation that corroborated the informant's information. A magistrate judge reviewed the application and affidavit and issued a warrant to search Shores' home. The search was conducted on September 16, 2009.

Shores' attorney filed a motion to suppress evidence seized during the search, and a hearing was held in which Boetigheimer was the sole witness. Defense counsel also filed a motion for an order directing the government to disclose the confidential informant's identity. Both motions were denied. Evidence seized pursuant to the search warrant was admitted at trial.

Shores was not charged with any offense based on the September 15, 2009 transaction. During the trial, the government briefly alluded to the transaction as follows:

> **Q [by prosecutor]: You had received information regarding this defendant; is that correct?**
>
> **A [by Boettigheimer]: That is correct.**
>
> **Q: And did you conduct an investigation based upon that information?**

4

> **A: Yes, sir.**
>
> **Q: Among other things, did you actually observe the defendant participate in a hand-to-hand narcotics transaction?**
>
> **A: Yes, sir.**
>
> **Q: Based upon your investigation, did you apply for and did you receive a federal search warrant?**
>
> **A: Yes, sir.**

*United States v. Mark Edwin Shores,* No. 4:10-CR-00449-CEJ, *Trial Tr.,* pp. 348-49 (Doc. # 151).

In support of the claim that his attorney should have presented alibi evidence, Shores submits the affidavits of his wife and friend, both of whom state that they were with him on September 15 at varying times between 7:30 a.m. and 11:30 p.m. Shores also submits documents that purport to be from the Social Security Administration indicating that he was in the agency's office at 10:30 a.m. on September 15.

Shores cannot establish that his attorney's exercise of a strategic decision not to call the so-called alibi witnesses was objectively unreasonable. Hepresents no evidence that either of the affiants or the author of the Social Security documents would have been available at the time of the suppression hearing or trial and would have testified if called as a witness. Also, the affidavits and the documents do not account for Shores' whereabouts or his activities for the entire day. Further, Shores' participation in a drug transaction is not precluded by the fact that was in the company of his wife and friend for most of the day.

Even if defense counsel's performance was deficient, Shores cannot show that he was prejudiced. Shores has not demonstrated a reasonable probability that the court

would have found the testimony of his witnesses more credible than that of Boettigheimer and would have granted his motion to suppress. Indeed, the affiants' relationship with Shores would have been a reason to discount their credibility. Shores has also failed to demonstrate a reasonable probability that outcome of the trial would have been different had the alibi evidence been presented. As noted above, Shores was not charged with any offense based on the September 15 transaction and there was only an oblique reference to the incident during Boettigheimer's testimony. Thus, testimony that Shores was with his wife and friend on September 15 was not relevant and, even if admitted into evidence, it would have only served to highlight a non-issue in the case.

Shores is not entitled to relief on this claim.

**(B) Confidential informant**

Shores next asserts that he was denied effective assistance of counsel as a result of his attorney's failure to obtain the identity of the confidential informant. Defense counsel filed a motion for disclosure of the informant's identity, but the motion was denied by the Court. As such, there was nothing more that defense counsel could do.

Shores is not entitled to relief on this claim.

**(C) Failure to call movant to testify**

Shores next claim is that his attorney's failure to call him to testify at trial constitutes deficient performance. This claim is belied by the record which clearly shows that Shores, after thorough questioning by the Court, announced his voluntary decision not to testify. *United States v. Mark Edwin Shores,* No. 4:10-CR-00449-CEJ, *Trial Tr.,* pp. 639-40 (Doc. # 151).

6

Shores is not entitled to relief on this claim.

### Ground Two

As his second ground for relief, Shores contends that his attorney failed to conduct a pretrial investigation. "[Defense] counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). It is axiomatic that a movant asserting an ineffective assistance claim based on failure to conduct an investigation must identify the evidence that an investigation would have revealed. Here, Shores argues that had defense counsel investigated his "alibi" evidence he would have learned that Shores could not have participated in the September 15, 2009 drug transaction. Shores does not contend that defense counsel was unaware of the evidence—indeed, Shores states that he told counsel about the witnesses who could provide an alibi for him on September 15. Instead, Shores' complaint is that defense counsel chose not to use the evidence.

As discussed above, Shores' participation in the September 15 drug sale would not have been foreclosed by the testimony of his wife and friend and other evidence of his whereabouts on that day. Also, the September 15 transaction was pertinent only to the search warrant application. Given the other evidence presented in the Boettigheimer affidavit, it cannot be said that the application would have been denied if the September 15 event had been omitted. Further, Shores has not shown that the outcome of the suppression hearing or the trial would have been different. Defense counsel, after considering the evidence, acted reasonably in not pursuing it. *See Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997) ("Reasonable performance includes an adequate investigation of the facts, consideration of viable theories, and development

of evidence to support those theories.").

Shores is not entitled to relief on Ground Two.

## Ground Three

Shores' third ground for relief is that defense counsel failed to object to false testimony given by Boettigheimer about the September 15 drug sale. This claim is no more than a variation of the claims asserted in Grounds Two and Three. Shores does not show that Boettigheimer's testimony would have been excluded or that his credibility would have been undermined by the admission of the so-called alibi evidence.

Shores is not entitled to relief on Ground Three.

## GROUND FOUR

In Ground Four, Shores asserts that he was denied effective assistance of counsel on appeal. Specifically, he complains of appellate counsel's failure to argue that the search warrant affidavit contained false information about the September 15 transaction. To establish ineffective assistance of appellate counsel, Shores must show that his attorney's performance was "constitutionally deficient and that he was prejudiced by that deficiency." *Charboneau v. United States*, 702 F.3d 1102, 1136 (8th Cir. 2013). In the context of a claim that appellate counsel failed to raise an issue on direct appeal, the Eighth Circuit has recognized the "importance of winnowing out weaker arguments on appeal." *Id.* [quoting *Jones v. Barnes,* 463 U.S. 745, 751 (1983)]. "Therefore, 'absent contrary evidence, we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.'" *Id.* [quoting

8

*United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir.), *cert. denied,* 555 U.S. 937 (2008)].

As discussed above, the so-called alibi evidence did not establish a basis for challenging the search warrant affidavit. Counsel cannot be faulted for not presenting a non-meritorious argument on appeal. Also, Shores has not established prejudice, as he not demonstrated a reasonable probability that the appellate court would have considered the alibi evidence and concluded that the search warrant affidavit lacked probable cause.

Shores is not entitled to relief on Ground Four.

### **Ground Five**

Shores claims that his attorney failed to provide him advice with respect to pleading guilty instead of going to trial. He alleges that, as a result, he "turned down a 15 year plea offer which could have been conceivably reduced through other aspects of the U.S.S.G., such as section 5K1.1." *Mot. to Vacate*, p. 20 [Doc. # 1-1].

According to the government, the offer made to Shores was to allow him to plead guilty to an offense that would result in a mandatory minimum sentence of 15 years' imprisonment. Because the sentence would have been mandated by statute, it could not be affected by the sentencing guidelines for acceptance of responsibility (U.S.S.G. § 3E1.1) or substantial assistance (U.S.S.G. § 5K1.1). Thus, Shores is mistaken when he states that he could have received a sentence lower than the 15-year term in the government's offer.

Clearly Shores knew of the government's offer and that he had the option to plead guilty. He doesn't state what advice he should have been given that would have caused him to accept the offer. Indeed, he doesn't even state that he would have

accepted the offer. Moreover, Shores does not contend that but for defense counsel's performance he would have pleaded guilty. To the contrary, he "asserts that had he been allowed to testify [at trial], he would have asserted his 'actual innocence' and explained that he had an alibi defense." *Mot. to Vacate,* p. 10 [Doc. # 1-1]. Thus, Shores has not satisfied either the "performance" or the "prejudice" prong of *Strickland.* He is not entitled to relief on Ground Five.

### III. <u>Conclusion</u>

For the reasons discussed above, the Court concludes that motion and the files and records of this case conclusively show that Shores is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts his motion to vacate. Therefore, the motion will be denied without a hearing. *See* <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Shores has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An appropriate order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2017.