UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK EDWIN SHORES, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:14-CV-1019 (CEJ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the amended motion of Mark Edwin Shores to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

After a jury found Shores guilty of multiple controlled substances and firearms offenses, he was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to an aggregate 322-month term of imprisonment. The judgment was affirmed on appeal. *United States v. Shores,* 700 F.3d 366 (8th Cir. 2012), *cert. denied,* 133 S.Ct. 2780 (2013). Shores' status as an armed career criminal was premised on his two prior Michigan felony convictions for possession with intent to deliver cocaine and a Michigan felony conviction for assault with a dangerous weapon. In the instant amended motion, Shores argues that in light of the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), assault with a dangerous weapon is no longer a predicate offense that may be used to enhance a sentence under the ACCA.

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The

term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C. § 924(e)(2)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

Shores requested and was granted additional time to file a supplemental brief in support of his amended motion. However, no supplemental brief was filed. Shores has not cited the Michigan statute on which his assault conviction was based nor has he submitted any documents pertaining to the court proceedings. Consequently, the Court cannot determine whether the offense of conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another" and is therefore a violent felony under § 924(e)(2)(B)(i). Because Shores has failed to demonstrate that he should no long be classified as an armed career criminal, he is not entitled to relief under *Johnson*.

Accordingly,

**IT IS HEREBY ORDERED** that the amended motion of Mark Edwin Shores to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Doc. # 24] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2017.