UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK EDWIN SHORES, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:14-cv-1019-MTS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Mark Edwin Shores's Motion to Alter or Amend Judgment. Doc. [43]; *see also* Fed. R. Civ. P. 60(b). His Motion seeks to reopen his § 2255 proceeding to add a new ground for relief based on *Erlinger v. United States*, 602 U.S. 821 (2024). Respondent, the United States of America, opposes the Motion. Doc. [46]. After review and consideration of the briefing and the relevant law, the Court will dismiss Petitioner's Motion for the reasons ably explained by the United States in its opposition.

Petitioner's Motion is a second or successive application that this Court cannot entertain. *See Rivers v. Guerrero*, 605 U.S. 443, 453 (2025); 28 U.S.C. § 2244(b)(3)(A). Since this Rule 60(b) motion "is actually a second or successive habeas petition," the Court may "dismiss it for failure to obtain authorization from the Court of Appeals" or "may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). This Court chooses to dismiss the Motion. *Erlinger* is not retroactively applicable to Petitioner. *See Erlinger*, 602 U.S. at

859 n.3 (Kavanaugh, J., dissenting) ("[T]he *Teague*[*] rule will presumably bar the defendant from raising today's new rule in collateral proceedings."); *see also* Chad Flanders, *The Impact of* Erlinger v. United States *on State Recidivist Sentencing Laws*, 82 Wash. & Lee L. Rev. Online 456, 474 (2025).  Thus, it is not in the interest of justice to transfer this matter to the Court of Appeals.  *See* 28 U.S.C. § 1631 (allowing for transfer to cure want of jurisdiction "if it is in the interest of justice"); *In re Cline*, 531 F.3d 1249, 1251–52 (10th Cir. 2008) (per curiam) (discussing a district court's discretion in determining whether to transfer unauthorized second or successive claims).  Nor will the Court issue a certificate of appealability of the dismissal of this Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend, Doc. [43], is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated this 3rd day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality opinion).